# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>      Plaintiff,<br><br>v.<br><br>BAKEMAN, et. al.,<br><br>      Defendants.<br>_____/ | CV F 05-1097 OWW LJO P<br><br>FINDINGS AND RECOMMENDATION REGARDING MOTION FOR PERMANENT INJUNCTION (Doc. 13.) |

    David D. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on August 26, 2005. Plaintiff names Dr. Bakeman and Warden Yates as Defendants.

    On November 2, 2006, the Court dismissed the Complaint with leave to amend. Plaintiff submitted an Amended Complaint on November 22, 2006, which is pending before the Court.

    On January 11, 2007, Plaintiff filed a Motion for Permanent Injunction requesting that the Court issue an Injunction because the Defendants are creating a "false crime occurrence" against the plaintiff in the form of threats, lack of feeding, etc. Plaintiff's Motion consists of one hundred five pages (105).

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure

the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

As noted above, the Court dismissed the original complaint with leave to amend because it did not allege cognizable claims for relief. Pending before the Court is Plaintiff's Amended Complaint which is awaiting a second screening by the Court. Plaintiff is not entitled to preliminary injunctive relief until such time as the Court finds that his Amended Complaint contains cognizable claims for relief against the named Defendants and the named defendants have been served with the summons and complaint. At this juncture, Plaintiff's Motion for Preliminary Injunctive relief is premature. Plaintiff is cautioned that any further motions for preliminary injunctive relief that are filed before Defendants are served with process in this case will be denied as premature.

Accordingly, the Court RECOMMENDS that the Motion for Permanent Injunction be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWENTY (20) days after being served

1  with a copy of these Findings and Recommendations, any party may file written Objections with
2  the Court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
4  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
5  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
6  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
7  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
8  (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   January 16, 2007**            **/s/ Lawrence J. O'Neill**
b9ed48                                   UNITED STATES MAGISTRATE JUDGE