# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>BAKEMAN, et. al.,<br><br>        Defendants.<br>_____/ | CV F 05-1097 LJO NEW (DLB) P<br><br>FINDINGS AND RECOMMENDATION REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 20.) |

    David D. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on August 26, 2005. Plaintiff names Dr. Bakeman and Warden Yates as Defendants.

    On November 2, 2006, the Court dismissed the Complaint with leave to amend. Plaintiff submitted an Amended Complaint on November 22, 2006, which is pending before the Court.

    On January 11, 2007, Plaintiff filed a Motion for Permanent Injunction requesting that the Court issue an Injunction because the Defendants are creating a "false crime occurrence" against he plaintiff in the form of threats, lack of feeding, etc. Plaintiff's Motion consists of one hundred five pages (105). The Court issued Findings and Recommendations to deny the Motion for Permanent Injunction informing Plaintiff that his request was premature as the Court had yet to determine whether the Complaint stated a cognizable claim for relief. Despite this, Plaintiff filed a Motion for Summary judgment on January 29, 2007. The Court issued Findings and Recommendations to deny the Motion for Summary Judgment on February 22, 2007, again

informing Plaintiff that his request was premature as the Court had yet to determine whether there were any cognizable claims raised in the Complaints.

On February 22, 2007, Plaintiff filed a pleading titled "Motion to Show Cause for Temporary Restraining Order." In this pleading, Plaintiff complains that he was forcibly taken out of his cell and is not being allowed to research his case. Plaintiff also lists a number of other incidents which he feels warrants a restraining order.

A restraining order is another form of injunctive relief. As stated in the prior Findings and Recommendation, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

As noted above, the Court dismissed the original complaint with leave to amend because it did not allege cognizable claims for relief. Pending before the Court is Plaintiff's Amended Complaint which is awaiting a second screening by the Court. Plaintiff is not entitled to preliminary injunctive relief until such time as the Court finds that his Amended Complaint contains cognizable claims for relief against the named Defendants and the named defendants have been served with the summons and complaint. At this juncture, Plaintiff's Motion for

Preliminary Injunctive relief is premature. Plaintiff is cautioned that any further motions for preliminary injunctive relief that are filed before Defendants are served with process in this case will be denied as premature.

Accordingly, the Court RECOMMENDS that the Motion for Temporary Restraining Order be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 5, 2007**        **/s/ Dennis L. Beck**
3b142a                           UNITED STATES MAGISTRATE JUDGE