# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, | CV F   05 1097 LJO NEW (DLB) P |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF PURSUANT TO § 2254. (Doc. 23.) |
| v. | FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR RESTRAINING ORDER (Doc. 20) |
| BAKEMAN, et. al., | |
| Defendants. | |

David D. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 3, 2007, Plaintiff filed a pleading titled "Emergency Relief Motion" in which he complains that a previously filed Motion on February 22, 2007, and asking for an Order to Show Cause for Restraining Order was not yet resolved.  Because the Court now issues Findings and Recommendations concerning that outstanding Motion, the Court will DENY the Motion for Emergency Relief filed on April 3, 2007, as MOOT.

In the Motion for Order to Show cause filed on February 22, 2007, Plaintiff requested a transfer.  Plaintiff states that he is being retaliated against for having filed grievances concerning efforts by officials to hinder his ability to litigate his cases.  Plaintiff asks that the officers be reprimanded by the Court and that the Court order the officials to "cease and disist [sic]."

The Court has conducted a cursory review of the Complaint which involves allegations that Plaintiff is not receiving proper medical care for his mental health.

The Court is unable to issue any order against individuals who are not parties to a suit

1

pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  In the instant action, Dr. Bakeman and Warden yates are named as the only Defendants.  Plaintiff's Motion fails to link any alleged conduct or harm to parties named in this action.  In addition, Plaintiff's Complaint neither contains a cause of action for similar permanent injunctive relief nor contains claims relating to the same or similar issues.  Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy.  Flast v. Cohen, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the court has no power to hear the matter.  Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).  Since the amended complaint in this case does not contain allegations raising issues similar to those presented in the instant motion, there is no controversy present with respect to such issues and, as a result, the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of plaintiff's claims.

     For the foregoing reasons, the Court HERE BY ORDERS:

1.     The Motion for Emergency Relief - that the Court review his Motion is DENIED as moot; and

the Court RECOMMENDS that the Motion for Order to Show Cause for Restraining Order be DENIED.    These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

Dated:   **April 11, 2007**            /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE