# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>           Plaintiff,<br><br>   v.<br><br>BAKEMAN, et al.,<br><br>           Defendants.<br>_____ / | CASE NO. 1:05-cv-01097-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 30)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

      Plaintiff David D. Harris ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 26, 2005. On November 2, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on November 22, 2006, and a motion seeking an emergency order mandating that he be transferred to a mental health state prison on June 4, 2007.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either

1

approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665 (citations omitted); Jones, 444 F.3d at 1126. "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In a separate order issued concurrently with this order, the court dismissed plaintiff's amended complaint for failure to state a claim upon which relief may be granted under section 1983, and ordered plaintiff to file a second amended complaint within thirty days. Because plaintiff has not yet filed a pleading setting forth a cognizable claim for relief, the court does not have before it an actual case or controversy.

Further, assuming that plaintiff files a second amended complaint stating cognizable claims for relief under section 1983, plaintiff will not be entitled to the issuance of any preliminary injunctive relief on his bare request. A mandatory preliminary injunction such as that sought by plaintiff in the instant motion "is subject to heightened scrutiny and should not be

issued unless the facts and the law clearly favor the moving party." <u>Dahl v. Hem Pharmaceuticals Corp.</u>, 7 F.3d 1399, 1403 (9th Cir. 1993). Plaintiff simply cannot prevail on a motion without sufficient evidentiary support.[1]

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed June 4, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 26, 2007**             /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Although plaintiff did attach documentary evidence to his motion, the evidence does not show that plaintiff is in immediate danger of sustaining a real injury. Further, as a lay witness, plaintiff is not qualified to offer his opinion on his mental health condition or on the necessary treatment for his mental health needs.

3