# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, | CASE NO. 1:05-cv-01097-LJO-NEW (DLB) PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DISMISSAL OF DEFENDANT YATES |
| v. | |
| BAKEMAN, et al., | (Doc. 33) |
| Defendants. | OBJECTIONS AMEND WITHIN THIRTY DAYS |

_____/

I.      Findings and Recommendations Following Screening of Second Amended Complaint

      A.      Procedural History

Plaintiff David D. Harris ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 26, 2005. On November 2, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on November 22, 2006, and on June 27, 2007, the court dismissed plaintiff's amended complaint for failure to state a claim and granted plaintiff one final opportunity to amend. Plaintiff filed a second amended complaint on July 23, 2007.

      B.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

8  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

9  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

10 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

11 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

12 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may

13 dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

14 could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff

15 will ultimately prevail but whether the claimant is entitled to offer evidence to support the

16 claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

17 unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

18 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

19 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim

20 . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

21 pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

22 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

23 essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

24 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

25 1982)).

26 ///

27 ///

28 ///

C.    Plaintiff's Claims

1.    Eighth Amendment Claims

Plaintiff is an inmate currently housed at the California Men's Colony. The events at issue in this action allegedly occurred at Pleasant Valley State Prison. Plaintiff names Dr. Bruce M. Bakeman and Warden James Yates as defendants, and is seeking money damages. Plaintiff alleges that defendants violated his rights under the Eighth Amendment of the United States Constitution.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action
> atgood hugs to all law, suit in equity, or other proper proceeding
> for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff alleges that he was actively bleeding without medical assistance for his open wounds when defendant Bakeman intentionally placed him in a regular cell rather than a crisis

3

bed, in contravention of department standards. Plaintiff alleges that he went into a state of panic

and thought he was going to die. Plaintiff also alleges that defendant Bakeman knew he needed

to be placed into a program such as E.O.P. but denied him the help he needed. Plaintiff alleges

that defendant Yates, who chaired a committee, also denied him help.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the

level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison

official does not act in a deliberately indifferent manner unless the official "knows of and

disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834

(1994). Deliberate indifference may be manifested "when prison officials deny, delay or

intentionally interfere with medical treatment," or in the manner "in which prison physicians

provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

further harm in order for the prisoner to make a claim of deliberate indifference to serious

medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison

Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under

this standard, the prison official must not only 'be aware of the facts from which the inference

could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have

been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,

1188 (9th Cir. 2002)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

In light of federal notice pleading standards, the court finds that plaintiff's allegation that defendant Bakeman knowingly placed him in a regular cell when he was actively bleeding from open wounds and had not had medical attention is sufficient to give rise to a claim for relief under section 1983. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Therefore, the court recommends that this action proceed on that claim.

However, the vague allegations that defendant Bakeman did not place him into a particular program, and that defendants Bakeman and Yates denied him help are insufficient to support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff's Eighth Amendment claims arising from these events are not cognizable and the court recommends that they be dismissed, with prejudice, for failure to state a claim.

2. Suit Against Defendant Bakeman in Official Capacity

Plaintiff alleges that he is suing defendant Bakeman in his official and individual capacities. The Eleventh Amendment bars damages actions against state officials in their official capacities. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose

5

personal liability upon a government official for actions [the official] takes under color of state law.  See Kentucky v. Graham, 473 U.S. 159, 165 (1988).  Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred.  See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991). The court recommends that plaintiff's claim against defendant Bakeman in his official capacity be dismissed on the ground that it is barred by the Eleventh Amendment, and that this action proceed against defendant Bakeman in his individual capacity only.

        D.      Conclusion

        Plaintiff's second amended complaint states a cognizable claim for relief under section 1983 against defendant Bakeman in his individual capacity for allegedly violating the Eighth Amendment by knowingly placing plaintiff in a regular cell without medical attention while he was actively bleeding.  However, plaintiff's second amended complaint does not state any other claims for relief under section 1983.  Plaintiff was previously provided with the applicable legal standards, notified of the deficiencies in his claims, and provided with the opportunity to amend. Therefore, leave to file a third amended complaint is not recommended, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), and it is HEREBY RECOMMENDED that:

        1.      This action proceed on plaintiff's second amended complaint, filed July 23, 2007, against defendant Bakeman in his individual capacity on plaintiff's Eighth Amendment medical care claim arising from the placement of plaintiff in a regular cell while he was actively bleeding;

        2.      Plaintiff's claims against defendants Bakeman and Yates arising from defendant Bakeman's failure to place him into a particular program, and defendants Bakeman and Yates' failure to provide him with help be dismissed for failure to state a claim under section 1983;

        3.      Plaintiff's claim against defendant Bakeman in his official capacity be dismissed, with prejudice, as barred by the Eleventh Amendment; and

1       4.       Defendant Yates be dismissed from this action based on plaintiff's failure to state

2                any claims upon which relief may be granted against him.

3        These Findings and Recommendations will be submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

5 **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file

6 written objections with the court. The document should be captioned "Objections to Magistrate

7 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

8 within the specified time may waive the right to appeal the District Court's order. Martinez v.

9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11        IT IS SO ORDERED.

12        **Dated:**    **August 20, 2007**               **/s/ Dennis L. Beck**

                                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28