# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BAKEMAN, et. al.,<br><br>    Defendants. | 1:05-cv-01097-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE AND FOR DEFECTIVE SERVICE<br>(Doc. 45.) |

## I. RELEVANT PROCEDURAL HISTORY

David D. Harris ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on August 26, 2005, against defendants James A. Yates and Bruce M. Bakeman for inadequate mental health care. (Doc. 1.) On November 2, 2006, the court dismissed the complaint for failure to state a claim, with leave to amend. (Doc. 11.)

Plaintiff filed an amended complaint on November 22, 2006. (Doc. 12.) On January 29, 2007, plaintiff filed a motion for summary judgment, which was dismissed as premature on March 13, 2007. (Docs. 16, 19, 22.) On August 23, 2007, the court issued findings and recommendations that certain claims be dismissed and that defendant Yates be dismissed from this action. (Doc. 35.) On October 31, 2007, the District Judge adopted the findings and recommendations. (Doc. 38.) This action now proceeds against defendant Bakeman ("defendant") only.

On December 11, 2007, the court directed the United States Marshals Service to serve the amended complaint on defendant. (Doc. 43.) On January 2, 2008, plaintiff filed a second motion for summary judgment, which was not accompanied by a certificate of service. (Doc. 45.) On

1

| | |
|---|---|
|1| January 31, 2008, defendant filed an answer to the amended complaint.  (Doc. 46.)  On February |
|2| 15, 2008, the Marshals Service filed a return of service showing a date of service of the amended |
|3| complaint on defendant of January 31, 2008.  (Doc. 48.)  On February 18, 2008, the court issued |
|4| a Discovery/Scheduling Order, commencing discovery in this action.  (Doc. 47.) |
|5|     Now pending is plaintiff's second motion for summary judgment.  (Doc. 45.)  Defendant |
|6| has not filed an opposition to the motion. |


January 31, 2008, defendant filed an answer to the amended complaint. (Doc. 46.) On February 15, 2008, the Marshals Service filed a return of service showing a date of service of the amended complaint on defendant of January 31, 2008. (Doc. 48.) On February 18, 2008, the court issued a Discovery/Scheduling Order, commencing discovery in this action. (Doc. 47.)

Now pending is plaintiff's second motion for summary judgment. (Doc. 45.) Defendant has not filed an opposition to the motion.

## II. DISCUSSION

### *Legal Standards*

Under Rule 56 of the Federal Rules of Civil Procedure, a party claiming relief may file a motion for summary judgment at any time after 20 days have passed from commencement of the action, or the opposing party serves a motion for summary judgment. Fed. R. Civ. P. 56(a). However, ordinarily a party must have an adequate opportunity to develop his claims through discovery before summary judgment is appropriate, and "summary judgment [may] be refused [by the court] where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(f).

The motion for summary judgment must be properly served on opposing parties pursuant to federal and local rules. Under Local Rule 5-135, copies of all documents submitted to the court must be served upon all parties to the action, and proof of such service must be endorsed upon or affixed to the original of the document when it is lodged or filed. L.R. 5-135(c), (d); see Fed. R. Civ. P. 5(a).

### *Plaintiff's Motion*

Plaintiff filed his second motion for summary judgment on January 2, 2008. (Doc. 45.) The motion was not accompanied by a certificate of service. Therefore, plaintiff failed to comply with Local Rule 5-135. For this reason, the court finds that service of the motion for summary judgment is defective, and the motion should be denied without prejudice.

Moreover, the court should deny plaintiff's motion on the grounds that it is premature. The motion was filed with the court well before service of the complaint was executed on

defendant.[1]  Discovery was not opened in this action until February 18, 2008, over six weeks *after* the motion was filed. (Doc. 47.)  Defendant has not been given an opportunity to discover information essential to his opposition.  Based on these facts, the court finds that plaintiff's motion is premature and should be denied without prejudice.

*Conclusion and Recommendation*

Based on the foregoing, the Court finds that service of the motion for summary judgment is defective, and the motion is premature.  Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be DENIED without prejudice.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 25, 2008**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff filed the motion for summary judgment on January 2, 2008, but defendant was not served with the complaint until January 31, 2008.  (Docs. 45, 48.)

3