**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| David D. Harris, | ) | No. CV-05-1097-SRB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bruce M. Bakeman, et al., | ) | |
| Defendants. | ) | |

The Court now considers Defendant's Notice of Motion and Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues ("Motion for Summary Judgment") (Doc. 57).

**I. BACKGROUND**

Plaintiff David D. Harris is a California prisoner at the Pleasant Valley State Prison proceeding *pro se.* (Defs.' Statement of Undisputed Facts ("DSOF") ¶ 1.) Defendant Bruce M. Bakeman is a psychologist with the California Department of Corrections and Rehabilitation. (DSOF ¶ 2; Bakeman Decl. ¶ 2.) Dr. Bakeman was Plaintiff's treating psychologist when he was in Administrative Segregation. (DSOF ¶ 3; Bakeman Decl. ¶ 10.) Plaintiff had expressed suicidal thoughts to Dr. Bakeman several times. (DSOF ¶ 4; Bakeman Decl. ¶ 10.) When Plaintiff expressed suicidal thoughts, Dr. Bakeman immediately referred him to the Correctional Treatment Center ("CTC"). (DSOF ¶ 5; Bakeman Decl. ¶ 11.) Based on these suicidal thoughts, Dr. Bakeman recommended that Plaintiff be placed

1 | in the Enhanced Outpatient Program ("EOP") on at least two occasions. (Bakeman Decl. ¶
2 | 10.) In July or August 2005, Plaintiff was moved to an empty cell and placed on suicide
3 | watch for two days. (Def.'s Mot. for Summ. J., Ex. A, Pl.'s Dep. 12:6-13:8, 15:10-15.)

When a patient is referred to the CTC, officers would remove the patient from his cell and escort him to the emergency room, where he would be seen by medical staff, evaluated by CTC clinicians, and treated for any injuries. (DSOF ¶ 6; Bakeman Decl. ¶ 11.) If no beds were available in the CTC, which was a very rare occurrence, then personnel would make an alternative placement pending bed availability. (DSOF ¶¶ 7-8; Bakeman Decl. ¶ 12.) An alternative placement could include placing the patient on "management status" in an empty cell on suicide watch. (DSOF ¶ 7; Bakeman Decl. ¶ 12.) When a patient is placed on suicide watch he is directly observed constantly for as long as the watch lasts and checked on by a Psychiatric Technician once per day. (DSOF ¶ 9; Bakeman Decl. ¶ 13.) A psychologist in the Administration Segregation Unit, like Dr. Bakeman, can refer patients to the CTC or EOP, but does not have the ability, power, or authority to order a patient placed in either level of care. (DSOF ¶ 10; Bakeman Decl. ¶ 14.) If there is no bed availability, or if staff in the CTC or EOP feel that such placement is not clinically indicated, Dr. Bakeman does not have the ability to override those decisions. (DSOF ¶ 11; Bakeman Decl. ¶ 14.) Once Dr. Bakeman made his evaluation and recommendation, Plaintiff's placement was outside his control. (DSOF ¶ 12; Bakeman Decl. ¶ 14.)

Dr. Bakeman has stated that Plaintiff never required evaluation or treatment that was not rendered in a timely fashion. (DSOF ¶¶ 13, 16; Bakeman Decl. ¶ 15.) Dr. Bakeman never observed Plaintiff to be physically injured or bleeding and requiring medical attention that was not provided. (DSOF ¶ 14; Bakeman Decl. ¶ 15.) Dr. Bakeman stated that if he had ever observed Plaintiff in need of medical attention, he would have immediately summoned it for him. (DSOF ¶ 15; Bakeman Decl. ¶ 15.) Dr. Bakeman testified that his actions towards Plaintiff were at all times within the community standard of care and consistent with the degree of knowledge and skill ordinarily possessed and exercised by members of his profession under similar circumstances. (DSOF ¶ 17; Bakeman Decl. ¶ 16.) Dr. Bakeman

1  stated that he never refused or denied Plaintiff appropriate medical treatment or evaluation
2  or lied or otherwise mislead him as to his condition and the appropriate and necessary course
3  of treatment. (DSOF ¶ 18; Bakeman Decl. ¶ 16.)

4       On July 23, 2007, Plaintiff filed his Second Amended Complaint alleging that Dr.
5  Bakeman was deliberately indifferent to his medical needs. Defendant moved for summary
6  judgment on January 22, 2009. On January 23, 2009, the Court advised Plaintiff of his
7  responsibility to respond to Defendant's Motion for Summary Judgment and ordered Plaintiff
8  to respond no later than February 24, 2009. On March 3, 2009, the Court extended the
9  response deadline until April 3, 2009. On April 2, 2009, the Court granted Plaintiff's request
10 to delay his response until June 1, 2009. On June 30, 3009, the Court extended the response
11 deadline to July 17, 2009, and indicated that no further extensions would be considered.
12 Because Plaintiff has not responded to the Motion for Summary Judgment, the Court will
13 now rule on the Motion based on the current record.

## II.    LEGAL STANDARDS AND ANALYSIS

15      The standard for summary judgment is set forth in Rule 56(c) of the Federal Rules
16 of Civil Procedure. Under Rule 56, summary judgment is properly granted when: (1) no
17 genuine issues of material fact remain; and (2) after viewing the evidence most favorably to
18 the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R.
19 Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of*
20 *N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). A fact is "material" when, under the
21 governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty*
22 *Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises if "the
23 evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

24      In considering a motion for summary judgment, the court must regard as true the
25 non-moving party's evidence, if it is supported by affidavits or other evidentiary material.
26 *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party
27 may not merely rest on its pleadings; it must produce some significant probative evidence
28 tending to contradict the moving party's allegations, thereby creating a material question

1    of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative
2    evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l
3    Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

4    Plaintiff testified that his claim is based on Dr. Bakeman's placing him on suicide
5    watch in a regular cell rather placing him in the CTC or EOP. (Def.'s Mot. for Summ. J., Ex.
6    A, Pl.'s Dep. 12:6-13:8, 15:10-15, 16:21-25.) The Second Amended Complaint also alleges
7    that Plaintiff was bleeding and not given medical care for his injuries. Plaintiff testified that
8    his claim is based on his two days on suicide watch in July or August 2005. (Def.'s Mot. for
9    Summ. J., Ex. A, Pl.'s Dep. 12:6-13:8, 15:10-15, 16:21-25.) Plaintiff stated that aside from
10   placing him on suicide watch in the "stripped out" cell for those two days, he has no other
11   complaints against Dr. Bakeman. (Def.'s Mot. for Summ. J., Ex. A, Pl.'s Dep.17:3-11.)

12   "Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison
13   medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"
14   *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97,
15   104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that
16   failure to treat the condition could result in further significant injury or the unnecessary and
17   wanton infliction of pain; and (2) that the defendant's response to the need was deliberately
18   indifferent. *Id*. The second prong is satisfied by showing a purposeful act or failure to
19   respond to a prisoner's pain or possible medical need and harm caused by the indifference.
20   *Id*.

21   To act with deliberate indifference, a prison official must both know of and disregard
22   an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
23   Mere "indifference," "negligence," or "medical malpractice" are insufficient to show
24   deliberate indifference. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing
25   *Estelle*, 429 U.S. at 105-06). A difference of medical opinion as to the need to pursue one
26   course of treatment over another is insufficient; a plaintiff must show that the course of
27   treatment the doctor chose was medically unacceptable under the circumstances and that they
28   chose this course in conscious disregard of an excessive risk to plaintiff's health. *Jackson*

*v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)).

Dr. Bakeman did not ignore Plaintiff's expression of suicidal thoughts. He referred Plaintiff to the CTC and recommended that he be placed in the EOP. (DSOF ¶ 5; Bakeman Decl. ¶¶ 10-11.) Dr. Bakeman could make these referrals, but did not have the power or authority to order that Plaintiff be placed in CTC or EOP. (DSOF ¶ 10; Bakeman Decl. ¶ 14.) Dr. Bakeman did not have the ability to override decisions made by other clinical staff, and Plaintiff's placement was out of Dr. Bakeman's control once the evaluation and recommendation was made. (DSOF ¶¶ 11-12; Bakeman Decl. ¶ 14.) Plaintiff's placement on suicide watch for two days based on his expression of suicidal thoughts was appropriate. Plaintiff has not shown that Dr. Bakeman failed to respond to Plaintiff's medical need, nor has he shown any harm caused by indifference. Therefore, Plaintiff has not shown that Dr. Bakeman's response to Plaintiff's expression of suicidal thoughts was deliberately indifferent. No genuine issues of material fact remain, and, after viewing the evidence most favorably to Plaintiff, Defendant is clearly entitled to prevail as a matter of law.

**IT IS ORDERED** granting Defendant's Notice of Motion and Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues (Doc. 57). The Clerk is directed to enter judgment in favor of Defendant Bruce M. Bakeman.

DATED this 9th day of September, 2009.

_____
Susan R. Bolton
United States District Judge